NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEROME ABERNATHY, JAMES CASTIGLIONE, AVI OHRING, SHEILAH SCULLY, and VASUDEV TRIVEDI,<br><br>Plaintiffs,<br><br>v.<br><br>CARMELO GARCIA and BARBARA NETCHERT, Clerk of Hudson County,<br><br>Defendants. | Civil Action No.: 13-2338 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of a motion for remand filed by Plaintiffs Jerome Abernathy, James Castiglione, Avi Ohring, Sheilah Scully, and Vasudev Trivedi (collectively, "Plaintiffs") [ECF No. 4]. Submissions made in support of and in opposition to the instant motion have been considered by the Court.[1]

Plaintiffs, voters who reside in Hoboken, New Jersey, initiated the underlying state action by filing a Complaint and Order to Show Cause for Temporary Restraints in the Superior Court of New Jersey, Law Division, Hudson County on April 11, 2013. (See Notice of Removal ¶ 1, ECF No. 1.) Plaintiffs claim that Defendant Carmelo Garcia ("Garcia"), a candidate for the office of member of the General Assembly for the 33rd Legislative District, is ineligible to run

---

[1] The Court considers arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

for that office. (Verified Complaint ¶ 1, Notice of Removal, Ex. A, ECF No. 1-1 (hereinafter "Compl.") Specifically, Plaintiffs claim that as the Executive Director of the Hoboken Housing Authority, Garcia is barred from running for office under The New Jersey Administrative Code 4A:10-1.2.[2] (Compl. ¶¶ 6-52; Pl.'s Br. 1.)

On April 11, 2013, Plaintiffs sought an injunction from the state court against Defendant Barbara Netchert ("Netchert"), the Clerk of Hudson County, prohibiting her from listing Garcia's name on any ballot that will be used in the upcoming state primary election. (Pl.'s Br. 1.) The Honorable Peter Bariso, A.J.S.C. conducted two telephone conferences with the parties on April 11 and April 12, 2013. On April 12, 2013, Judge Bariso entered a temporary restraining order restraining Netchert from issuing ballots that include Garcia's name, setting a briefing schedule on Plaintiffs' claims, and scheduling a hearing date for April 17, 2013. (See Order to Show Cause with Temporary Restraints, ECF No. 2-1.) On April 12, 2013, Garcia filed a Notice of Removal to this Court. [ECF No. 1]. On April 15, 2013, Garcia filed an emergency application with the Supreme Court of New Jersey Appellate Division seeking leave to appeal Judge Bariso's temporary restraining order. (Cert. of Rajiv Parikh, Esq. ¶ 19.) Such request was denied. (Id.)

Turning now to Plaintiffs' motion to remand, Plaintiffs argue that Garcia improperly removed the instant action because Netchert did not join in the removal. (Pls.' Br. 5-7.) "[A]ll defendants must join in a notice of removal in order for removal to be permissible." Delalla v. Hanover Ins., 660 f. 3d 180, 188 (3d Cir. 2011) (citing Fletcher v. Hamlet, 116 U.S. 408, 410 (1886)); see also, American Asset Finance, LLC v. Corea Firm, 821 F. Supp. 2d 698, 699 (D.N.J. 2011) ("[R]emand is appropriate where one or more defendants do not join in removal.");

---

[2] On April 15, 2013, Plaintiffs voluntarily dismissed their federal claims under the Hatch Act and the U.S. HUD Regulation. [See ECF No. 3].

2

Balazik v. County of Dauphin, 44 F. 3d 209, 213 (3d Cir. 1995) ("[I]t is well established that removal generally requires unanimity among the defendants."). However, the rule requiring unanimity in removal has several exceptions: "(1) when the nonjoining defendant is a nominal party; (2) when the defendant has been fraudulently joined; or (3) when a defendant has not been served when the removing defendants filed their notice of removal." American Asset, 821 F. Supp. at 700.

Garcia argues that Netchert, the nonjoining Defendant in this case, is a nominal party and therefore is not required to consent in the removal. Nominal parties are "those without a real interest in the litigation." Bumberger v. Ins. Co. of North America, 952 F. 2d 764, 767 (3d Cir. 1991). Here, the Court finds that Netchert is not a nominal Defendant and her consent is required for removal. Netchert, as the Hudson County Clerk, has an interest in this litigation, as it relates to how the ballots will be processed, and, ultimately, how the election will proceed. In fact, the primary relief sought by Plaintiffs is against Netchert. (Pls.' Br. 7.) Netchert is responsible for the preparation, printing, and content of the primary election ballots and must follow the applicable laws related to election procedure. Therefore, Netchert is a required party if Plaintiffs' relief - removing Garcia's name from the June 4, 2013 primary ballot - is to be granted.

Further, the New Jersey Appellate Division has found that county clerks exercise discretion in the oversight of the state's elections: "Where the clerk's discretion is exercised to further a goal of the election laws, the court will not substitute its judgment for that of the clerk. The court looks to see that the clerk's action in exercise of that discretion is 'rooted in reason.'" Schundler v. Donovan, 377 N.J. Super. 339, 343-44 (App. Div. 2005). The court stated that it "will not substitute its judgment for that of the clerk merely because it perceives that another

3

arrangement might have been chosen, or even that the court prefers another." Schundler, 377 N.J. Super. at 345 (citing Murray v. Murray, 7 N.J. Super. 549 (Law Div.1950)). Thus, based upon the foregoing, the Court concludes that Netchert, as Hudson County Clerk, is necessary to the instant litigation, and her consent is required for proper removal to federal court.

Even if this case had been properly removed to this Court, remand is appropriate on the following basis alone, as no federal causes of action remain. (Pls.' Br. 7.) "[O]nce the basis for federal jurisdiction is dropped, it is within the district court's discretion whether to hear the rest of the case or remand it to the state court from which it was removed." Cole v. Pathmark of Fairlawn, 672 F. Supp. 796, 807 (D.N.J. 1987). Remand to state court is appropriate when the federal claims in a matter have been resolved:

> Under the Supreme Court's decision in Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), when all federal claims have been eliminated and only state law claims remain, a federal district court has discretion to remand a properly removed case to state court. In considering whether to remand, a district court should consider what "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Id. at 357. In particular, the Court noted that "when the single federal-law claim in the action is eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction." Id. at 351. See also id. at 350 n. 7. Especially where, as here, there has been no substantial commitment of judicial resources to the nonfederal claims, it is "akin to 'making the tail wag the dog' for the District Court to retain jurisdiction." Cole v. Pathmark of Fairlawn, 672 F. Supp. 796, 807 (D.N.J. 1987).

Carrington v. RCA Global Communications, Inc., 762 F. Supp. 632, 645-46 (D.N.J. 1991).

Here, Garcia removed this case based on federal question jurisdiction. However, Plaintiffs voluntarily dismissed their federal claims under the Hatch Act and the U.S. HUD regulation on April 15, 2013. (See Plaintiffs' Notice of Partial Voluntary Dismissal Without Prejudice, ECF No. 3.) Therefore, only Plaintiffs' state law claim pursuant to Title 4A of the New Jersey Administrative Code remains. In opposition, Garcia argues that N.J.A.C. 4A:10-

1.2(b) is preempted by the Hatch Act. (Defendant Garcia's Brief in Opposition to Plaintiff's Motion to Remand at 4-8.) However, the Court finds <u>Utah Department of Human Services v. Hughes</u>, 156 P.3d 820 (Utah 2007) instructive on the issue. In that case, the court held that the Hatch Act did not preempt Utah's state version of the law and stated that:

> [T]he Department may voluntarily comply with the Hatch Act and make personnel decisions accordingly. Moreover, we hold that the State Board has authority to review such decisions made by the Department or any other state agency. In this case, Utah law, including the Department's rules and policies regulating employee political activity, is not incompatible with the Hatch Act. Indeed, Utah has adopted its own "little Hatch Act," which requires state compliance with the federal version.

<u>Utah Department of Human Services</u>, 156 P.3d at 625-26. While Garcia argues that New Jersey's "little Hatch Act" differs from Utah's, in that it does not mirror the amendments made to the Hatch Act in 2012, he has not sufficiently shown that this matter should not be heard in state court. Based on the foregoing, the Court finds that no federal causes of action remain and, in its discretion, finds that the case should be remanded.

In addition to the reasons already stated, the Court further finds that remand is appropriate for reasons of comity and efficiency. This case was instituted in state court and Judge Bariso has not only held conferences with the parties, but also granted Plaintiffs temporary restraints in his April 12, 2013 Order. In issuing the temporary restraining order, Judge Bariso necessarily examined whether Plaintiffs had a likelihood of success on the merits. Thus, it would be more efficient for Judge Bariso to continue with the resolution of this matter as he has already considered the claims presented. Moreover, this case implicates issues related to state election law and the eligibility of an individual for state legislature, which are more suited for adjudication by a state court judge. As such, the Court in its discretion, finds that remand of this matter is appropriate.

Thus, the Court having reviewed the submissions of the parties, and based upon the foregoing,

**IT IS** on this **16th** day of **April, 2013**,

**ORDERED** that Plaintiffs' motion to remand (ECF No. 4) is **GRANTED**.  This matter is hereby remanded to the Superior Court of New Jersey, Law Division, Hudson County; and it is further

**ORDERED** that the Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

                                            HON. CLAIRE C. CECCHI
                                            United States District Judge